FILED

2015 Jun-23  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEBRA LYNN BRAMLETT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **5:14-cv-2019-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Debra Lynn Bramlett ("Bramlett") brings this action pursuant to

Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 205(g), seeking

review of the final adverse decision of the Commissioner of the Social Security

Administration ("SSA"). This court finds that the Administrative Law Judge

("ALJ") applied the correct legal standard and that her decision—which has

become the decision of the Commissioner—is supported by substantial evidence.

Therefore, the court **AFFIRMS** the decision denying benefits.

### I. Procedural History

Bramlett filed her application for Title II Disability Insurance Benefits and

Title XVI Supplemental Security Income on February 1, 2012, alleging a disability

onset date of December 15, 2011 due to fibromyalgia, osteoarthiritis, depression,

Graves' disease, bilateral carpal tunnel syndrome, hypertension, asthma, diabetes,

acid reflux, and hypothyroidism. (R. 106, 107, 184, 255). After the SSA denied her

application, Bramlett requested a hearing before an ALJ. (R. 75, 127). The ALJ

subsequently denied Bramlett's claim, (R. 10), which became the final decision of

the Commissioner when the Appeals Council refused to grant review, (R. 9-11).

Bramlett then filed this action pursuant to § 205(g) on October 21, 2014. Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial

evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v.*

*Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the

correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988);

*Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g)

and 1383(c) mandate that the Commissioner's "factual findings are conclusive if

supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529

(11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the

evidence, or substitute its judgment for that of the Commissioner; instead, it must

review the final decision as a whole and determine if the decision is "reasonable

and supported by substantial evidence."  *See id.*  (citing *Bloodsworth v. Heckler*,

703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20

C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in

sequence:

> (1)    whether the claimant is currently unemployed;
>
> (2)    whether the claimant has a severe impairment;
>
> (3)    whether the impairment meets or equals one listed by the Secretary;
>
> (4)    whether the claimant is unable to perform his or her past work; and
>
> (5)    whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative

answer to any of the above questions leads either to the next question, or, on steps

three and five, to a finding of disability.  A negative answer to any question, other

than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20

C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to

prior work the burden shifts to the Secretary to show other work the claimant can

do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must

meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied]

when a claimant seeks to establish disability through his or her own testimony of

pain or other subjective symptoms."  *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th

Cir. 1991).  Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id.*  However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.*  Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.  See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added).  Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability."  *Holt*, 921 F.2d at 1223.  Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true.  Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability.  *Id*.

## IV. The ALJ's Decision

In performing the five step analysis, the ALJ found that Bramlett had not engaged in substantial gainful activity since December 15, 2011, and therefore met Step One. (R. 21). Next, the ALJ found that Bramlett satisfied Step Two because she suffered from the severe impairments of obesity, Graves' disease/thyroid disorder, fibromyalgia, a history of asthma, diabetes mellitus, hypertension, and a depressive disorder.  *Id*. The ALJ then proceeded to the next step and found that Bramlett did not satisfy Step Three since she "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 22). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, she proceeded to Step Four, where she determined that Bramlett has the residual functional capacity (RFC) to:

> [P]erform light work . . . except she can occasionally lift and/or carry
> up to 20 pounds and frequently lift and/or carry up to 10 pounds. She
> can stand and/or walk in combination, with normal breaks, for at least
> six hours during an eight-hour workday and sit, with normal breaks,
> for up to eight hours during an eight-hour workday. She frequently
> can climb ramps and stairs and should never climb ladders, ropes or
> scaffolds. She frequently can balance and occasionally stoop, kneel,
> crouch, and crawl. She should avoid concentrated exposure to extreme
> heat, extreme cold, wetness, and humidity and working in areas of
> vibration. She should avoid concentrated exposure to pulmonary
> irritants including fumes, dusts, odors, gases, and areas of poor
> ventilation. She should avoid all exposure to industrial hazards
> including working at unprotected heights and working in close
> proximity to moving dangerous machinery. She can perform simple
> routine tasks requiring no more than short simple instructions and
> simple work-related decision making with few work place changes.

(R. 24). In light of Bramlett's RFC, the ALJ determined that Bramlett "is capable

of performing past relevant work as a cashier/checker, ticket maker, parts counter

packer, and plastics machine tender." (R. 27). Therefore, the ALJ found that

Bramlett "has not been under a disability, as defined in the Social Security Act,

from December 15, 2011, through the date of [the ALJ's] decision." *Id*.

## V. Analysis

Bramlett maintains that the ALJ's "decision cannot be based upon

substantial evidence" because the ALJ "fail[ed] to properly state the weight given"

to the opinion of consultative examining physician Dr. John H. Lary, Jr. Doc. 9 at

8. This contention is unavailing because the ALJ seemingly afforded great weight

to Dr. Lary's opinions and relied on them in determining that Bramlett can perform

light work. (R. 25, 26). In fact, the ALJ explicitly stated that she "agrees with the

findings of . . . Dr. Lary." (R. 25). To the extent Bramlett is arguing that this explicit indication of agreement is insufficient to "properly state the weight given" to the opinion of an examining physician, Bramlett points to no legal authority supporting that proposition, and the court independently finds no such legal authority. Therefore, the court rejects the argument.

Alternatively, to the extent Bramlett is arguing that Dr. Lary's opinion justifies a different RFC determination, the court disagrees. Specifically, Dr. Lary's opinion that Bramlett's "ability to sit, stand, walk, lift, carry, bend, squat, and kneel [are] impaired by morbid obesity and joint pain," (R. 496), is not inconsistent with the ALJ's RFC determination because, as the ALJ pointed out, Dr. Lary did not quantify the degree of Bramlett's impairments. In other words, in stating generally that Bramlett's abilities are "impaired," Dr. Lary did not explain the number of pounds he believed Bramlett could lift, the length of time Bramlett could spend sitting or standing, or whether she can push or pull. As such, the court finds no contradiction between Dr. Lary's opinion and the ALJ's determination that Bramlett can perform light work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds[,] . . . a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567. Ultimately, Dr. Lary's opinion supports the ALJ's RFC determination because Dr. Lary noted that

Bramlett is able "to walk normally," has "normal 5/5 muscle strength in all muscle groups," has normal range of motion in her extremities, normal grip strength, and normal back musculature. (R. 496). For these reasons, the court rejects Bramlett's contentions as to Dr. Lary's opinion.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Bramlett is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 23rd day of June, 2015.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE